■ GRINOLD TRUCK EQUIPMENT, INC., Respondent, v. PIGEON'S SERVICE STATION, INC., Defendant, and JIM MEISNER AUTO SALES, INC., Appellant.— Appeal from an order of the Supreme Court at Special Term, entered July 27, 1971 in Warren County, which granted a motion by respondent for summary judgment and denied the cross motion by appellant for summary judgment. In this replevin action, the pertinent facts are not in dispute, a considerable portion thereof being matters of public record. On May 15, 1969 respondent sold to defendant Pigeon's Service Station, Inc., an International Truck and a Holmes wrecker, assembled as a single vehicle, and said parties on said date entered into a security agreement under which the purchaser granted a security interest in said property and agreed to pay the balance of $12,012.45 in monthly payments of $250.25 each, title to remain in the secured party until all amounts secured therein were paid in full. Financing statements covering said vehicle were filed in the offices of the Warren County Clerk and the Secretary of State on May 19, 1969. The said property was seized for nonpayment of delinquent internal revenue taxes due from said purchaser and sold by the Internal Revenue Service on November 20, 1970 under a notice stating that "Only the right, title and interest of Pigeon's Service Station, Inc. in and to the property" would be offered and that the "property will be sold in accordance with the provisions of section 6335 of the Internal Revenue Code and the regulations thereunder". Under section 301.6335-1 (subd. [c], par. [4], cl. [iii]) of title 26 of the Code of Federal Regulations issued thereunder, it was provided that "Only the right, title and interest of the delinquent taxpayer in and to the property seized shall be offered for sale, and such interest shall be offered subject to any prior outstanding mortgages, encumbrances, or other liens in favor of third parties which are valid as against the delinquent taxpayer and are superior to the lien of the United States". Appellant was the purchaser at the internal revenue sale. Appellant's brief concedes that the Federal tax liens were filed against Pigeon's Service Station, Inc., subsequent to the purchase by Pigeon of the vehicle and an affidavit by appellant's president states he had learned that the United States had a junior lien on the truck in question. Since the financing statements were filed prior to the Federal tax liens, the perfected security interest, created by the former, was a superior lien to that of the Internal Revenue Service and Special Term was correct in holding that the right, title and interest of Pigeon's Service Station, Inc., in and to the property was subject to the lien of the security agreement. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.